BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 "I" Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ANITA E. MARTINEZ,<br><br>    Defendant and Judgment Debtor,<br><br>CESAR CHAVEZ FOUNDATION,<br><br>                    Garnishee. | Case No.: 1:15-MC-00033-GSA<br><br>**APPLICATION FOR A FINAL ORDER OF CONTINUING GARNISHMENT (WAGES); AND ORDER**<br><br>Criminal Case No.:   1:06-CR-00091-OWW<br><br>[No Hearing Requested] |

Plaintiff United States respectfully moves, pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001, *et seq.*, (the FDCPA), for a Final Order of Continuing Garnishment against the non-exempt earnings of the defendant and judgment debtor, Anita E. Martinez.[1] The United States seeks the order based on the following grounds:

---

[1] Garnishments against a debtor's wages are limited to twenty-five percent (25%) of the debtor's nonexempt disposable earnings. *See*, the Consumer Credit Protection Act, 15 U.S.C. §§ 1673(a) and 1672(a) (earnings defined).

APPLICATION FOR FINAL ORDER OF CONTINUING
GARNISHMENT (WAGES); ORDER

1

1.     On February 23, 2007, the Clerk entered Judgment against the Defendant in the criminal case referenced above.  The Judgment includes an order of restitution in the amount of $73,000.00, a $1,900.00 assessment, and a $3,000.00 fine.  CR ECF No. 41.

2.     Defendant's restitution order remains unpaid.  To collect the unpaid restitution, the United States filed an Application for Writ of Continuing Garnishment on June 11, 2015 against the Defendant's non-exempt earnings from his employer garnishee, Cesar Chavez Foundation (Cesar Chavez Foundation).  Misc. ECF No. 1.

3.     The Clerk issued a Writ of Continuing Garnishment on June 11, 2015.  Misc. ECF No. 4.  The United States served Cesar Chavez Foundation with the writ and its attachments the same day.  Misc. ECF No. 3.

4.     On June 12, 2015, the United States served the Defendant with a copy of the Writ of Continuing Garnishment and its attachments and notified her of her rights to a hearing to object to the proceeding and/or claim exemptions on the earnings sought by the wage garnishment.  Misc. ECF No. 5.  The Defendant had 20 days from the date she received the writ documents to request a hearing objecting to the garnishment and/or file claims of exemption.  Section 3202(d), FDCPA.  Defendant has not requested a hearing, and the time for doing so has now expired.

5.     On July 1, 2015, Cesar Chavez Foundation served its Acknowledgement of Service and Answer of Garnishee (the Answer) on the Defendant and the United States.  The Answer identifies the Defendant as a wage earning employee with non-exempt disposable earnings.  Misc. ECF No. 6.  The Defendant had 20 days from the date Cesar Chavez Foundation served its Answer to request a hearing objecting to the Answer.  28 U.S.C. § 3205(c)(5).  Defendant has not objected to the Answer nor requested a hearing thereon, and the time for doing so has also lapsed.  On August 18, 2015, the Answer was filed with the Clerk's office.  *Id*.

6.     All conditions to the issuance of a Final Order of Garnishment against the Defendant's nonexempt earnings are satisfied and accordingly, the Court can and should enter an order directing Cesar Chavez Foundation to pay to the Clerk of the United States District Court:

    A.     All nonexempt disposable wages and earnings presently being withheld pursuant to the pending writ of garnishment; and thereafter,

B. 25% of Defendant's monthly non-exempt disposable wages and earnings until the earlier of Defendant's full satisfaction of the unpaid restitution amount and charges set forth in the writ of garnishment, or termination of the writ as set forth in 28 U.S.C. § 3205(c)(10).

Dated:  August 25, 2015                              Respectfully submitted,

                                                BENJAMIN B. WAGNER
                                                United States Attorney

By:   */s/ Kurt A. Didier*
      KURT A. DIDIER
      Assistant United States Attorney

# **O R D E R**

The Court, having reviewed the case files and the United States' Application for a Final Order of Continuing Garnishment (Wages) against Defendant's nonexempt earnings (the Application), and finding good cause therefrom, hereby GRANTS the Application. Accordingly, IT IS ORDERED that:

1. Garnishee, Cesar Chavez Foundation, its successors, transferees and assigns (Cesar Chavez Foundation), pay at least monthly, to the Clerk of the United States District Court, twenty-five percent (25%) of Defendant's disposable wages, earnings and compensation until: the restitution order and charges sought by the United States' writ of garnishment are paid in full; further order of this Court; or garnishee Cesar Chavez Foundation no longer has custody, possession or control of any property belonging to Defendant. Cesar Chavez Foundation shall also provide the United States with written notice if the amount or form of compensation to Defendant changes while this order is in effect or if Cesar Chavez Foundation no longer has custody, possession or control of Defendant's property.

2. All amounts previously withheld by Cesar Chavez Foundation pursuant to the writ of garnishment shall be paid to the Clerk of Court within fifteen (15) days of the date this order is filed. Cesar Chavez Foundation shall also provide the United States a written accounting, by pay period, of the amounts withheld from Defendant's wages during the period from service of the writ to entry of this final order.

3. All payments shall be made payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Cesar Chavez Foundation shall also state the docket number (Case No.: 1:06-CR-00091-OWW) on the payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

IT IS SO ORDERED.

Dated: **September 1, 2015**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE